IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-786-GMS |
| | ) |
| NANCY PEARSALL, DR. ANDREW | ) |
| DONAHUE, DR. CHARLOTTE SELIG, | ) |
| and GWEN SCOTT-JONES, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Jimmie Lewis ("Lewis"), an inmate at the Cental Violation of Probation

Center ("SVOP"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging

violations of his constitutional right. (D.I. 21.)  He also alleges violations of state statutes.

Lewis appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.  (D.I. 6.)  The court now proceeds to review and screen the complaint pursuant to

28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

The complaint is quite lengthy as it contains the history of Lewis' incarceration within the

Delaware Department of Correction ("DOC").  The court will only discuss the facts relevant to

the named defendants.[1]  As of April 21, 2007, Lewis was housed in the Secured Housing Unit

("SHU") at the Delaware Correctional Center, now known as the James T. Vaughn Correctional

Center ("VCC").  On May 17, 2008, DOC officials petitioned the State Court to transfer Lewis to

---

[1]Lewis has filed numerous cases in this District, including 04-1350-GMS, 05-013-GMS, 05-051-GMS, 05-052-GMS, 06-238-GMS, 06-778-GMS, 08-447-GMS, and 08-532-GMS.

the Delaware Psychiatric Center ("DPC"). (D.I. 2 at 20.) Lewis alleges that he was transferred
to the DPC on June 6, 2007 without being given a deprivation hearing. (*Id.*) Lewis alleges that
from July 3, 2007 through December 12, 2007, the defendants DPC Unit Director Nancy Pearsall
("Pearsall"), psychiatrist Dr. Andrew Donahue ("Dr. Donahue"), psychologist Dr. Charlotte Selig
("Dr. Selig"), and psychiatric intern Qwen Scott-Jones ("Jones") violated his right to due process
by imposing upon him disciplinary sanctions on twenty different occasion and subjecting him to
atypical and significant hardships.[2] (*Id.* at 21.)

Lewis alleges that Jones changed his test scores to deny him psychiatric care. (*Id.* at 24.)
Lewis also alleges that all the defendants denied him the psychiatric care he needed to stabilize
him during the time he was at the DPC. (*Id.* at 25.) He also alleges that Pearsall failed to protect
him from attack by an inmate/patient. (*Id.* at 26.) Lewis alleges that all the defendants conspired
to keep him in a state of agony, grief and despair when they fired certain DPC staff who had
provided him with psychiatric care.

Lewis alleges that within twenty-four hours of his commitment, Dr. Selig and Jones
authored a report that changed his diagnosis and that Dr. Donahue used the report to author a
report he submitted to a New Castle County Superior Court Judge. (*Id.* at 23.) Lewis takes
exception to the contents of Dr. Donahue's report. (*Id.* at 26.) He alleges that Dr. Donahue
failed to forensically evaluate and interpret his motion for a new trial and concludes that Dr.
Donahue was not impartial and should not have denied Lewis' request for an independent
psychiatric evaluation. (*Id.* at 25.) Finally, Lewis alleges that the DPC records contain
statements from DPC staff who are not medically certified psychiatrists or psychologists. (*Id.* at

---

[2]While at the DPC, Lewis submitted more than one hundred grievances. (D.I. 2 at 24.)

27.)

Lewis alleges that the report resulted in his return to the VCC on December 14, 2007, and that it kept him on a psychiatric/psychological watch at Level One until January 22, 2008.  Lewis alleges that while on the Level One watch he was not allowed visits, recreation, or religious services and was subjected to twenty-four hour illumination.  (*Id.* at 23.)  Lewis alleges that the report caused him to be classified to the SHU unit, instead of to the special needs unit.  Lewis has been housed in SHU since January 22, 2008, and remained there at the time he filed his complaint on October 18, 2008.  He alleges that the classification to the SHU subjected him to atypical and significant hardships.  (*Id.*)  Lewis advised the court in a notice dated December 26, 2008, that is no longer at the VCC and has been transferred to the CVOP.  *See* Civ. No. 14-1350-GMS, D.I. 308.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions.  *Courteau v. United States*, 287 Fed. Appx. 159, 162 (3d Cir. 2008); *Allah v. Seiverling*,

-3-

229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir.

1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under §

1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them

in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200

(2007). A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and

the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955,

1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint

does not need detailed factual allegations, however, "a plaintiff's obligation to provide the

'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The

"[f]actual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.*

(citations omitted).

Lewis is required to make a "showing" rather than a blanket assertion of an entitlement to

relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some

factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she

provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing

*Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with

enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting

*Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the

pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that

-4-

discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Lewis proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

## III. DISCUSSION

### A. Psychiatric Report

Lewis alleges that reports authored by Dr. Selig, Jones, and Dr. Donahue caused his return to the VCC. Dr. Selig, Jones, and Dr. Donahue are entitled to absolute immunity for preparing their reports. The reports were prepared at the request of the Superior Court of the State of Delaware and furnished to the court. (D.I. 4.) These defendants were, therefore, functioning as an arm of the court, and as such, they were an integral part of the judicial process and are protected by the same absolute judicial immunity that protects judges. *McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992); *see also Williams v. Consovoy*, 453 F.3d 173, 189 (3d Cir. 2006) (psychologist who performed evaluation of inmate that resulted in Parole Board's decision to deny parole acted as arm of court and was entitled to absolute judicial immunity.) Inasmuch as Dr. Selig, Jones, and Dr. Donahue are immune from suit on this claim, the court will dismiss the claim, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. Classification

Lewis complains that Dr. Donahue's report caused him to be housed in the more restrictive SHU unit at the VCC rather than in the special needs unit. Inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." *Moody v. Daggett*, 429

U.S. 78, 88 n.9 (1976). Moreover, neither Delaware law nor Delaware Department of Correction regulations create a liberty interest in a prisoner's classification within an institution. *See* Del. Code Ann. 11, § 6529(e). "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and :s not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)).

It has thus been determined that the transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,'" even though the change in status involves a significant modification in conditions of confinement. *Hewitt*, 459 U.S. at 468 (citation omitted); *Moody v. Daggett*, 429 U.S. 78 (1976 ); *see also Lott v. Arroyo*, 785 F. Supp. 508, 509 (E.D. Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); *Brown v. Cunningham,* 730 F. Supp. 612 (D. Del. 1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest).

While the plaintiff may not have liked his housing assignment in SHU, it did not violated his constitutional rights. For the above reasons, the classification claim lacks an arguable basis in law or in fact and, therefore, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## C. Conspiracy

Lewis allegations that the defendants conspired to cause hirn agony, grief, and despair,

-6-

when they dismissed certain DPC staff members who had provided him with psychiatric care. For a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by defendants with the specific intent to violate that right. *Williams v. Fedor,* 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd,* 211 F.3d 1263 (3d Cir. 2000) (citing *Kerr v. Lyford,* 171 F.3d 330, 340 (5th Cir. 1999)). *See also Parkway Garage, Inc. v. City of Phila.,* 5 F.3d 685, 700 (3d Cir. 1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law)*; Kelley v. Myler,* 149 F.3d 641, 648-49 (7th Cir. 1998) (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist); .

The complaint does not contain sufficient allegations to indicate how the defendants acted in concert to deprive Lewis of his constitutional rights. Therefore, the court will dismiss the conspiracy claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the above stated reasons the court finds that the classification and conspiracy claims are frivolous and fail to state a claim upon which relief may be granted. Additionally, the defendants are immune from suit with regard to the psychiatric evaluation/report claims. These claims will be dismissed. Lewis will be allowed to proceed against all defendants on the due process and medical needs claims, and against the defendant Pearsall on the failure to protect claim. An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_Feb 6_, 2009

Wilmington, Delaware

-7-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-786-GMS |
| | ) |
| NANCY PEARSALL, DR. ANDREW | ) |
| DONAHUE, DR. CHARLOTTE SELIG, | ) |
| and GWEN SCOTT-JONES, | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington this 6th day of Feb, 2009 for the reasons set forth in the

Memorandum issued this date,

IT IS ORDERED that:

1. The Clerk of the Court shall cause a copy of this order to be mailed to the plaintiff.

2. The classification and conspiracy claims against the defendants are **dismissed** for

failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)

and § 1915A(b)(1). The defendants are immune from suit with regard to the psychiatric

evaluation/report claims and said claims are **dismissed**.

4. The court has identified what appear to be cognizable medical needs  and due process

claims within the meaning of 28 U.S.C. § 1915A against all defendants and a failure to protect

claim against the defendant Nancy Pearsall. The plaintiff is allowed to **proceed** with the

aforementioned claims.

IT IS FURTHER ORDERED that:

1. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **the defendants**, as well as for the Chief Deputy Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Additionally, the plaintiff shall provide the court with one copy of the complaint (D.I. 2) and sealed medical records (D.I. 4) for service upon each defendant and the chief deputy attorney general.** The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms, copies of the complaints and medical records have been received by the Clerk of the Court. **Failure to provide the "U.S. Marshal 285" forms and copies of the complaint and medical records for each defendant and the chief deputy attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

2. Upon receipt of the form(s) required by paragraph 1 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

3. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

4. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

5. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

6. **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

7. **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

Chief, United States District Judge