IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-786-GMS |
| | ) | |
| NANCY PEARSALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff, Jimmie Lewis ("Lewis"), a former inmate at the Delaware Correctional Center, Smyrna, Delaware, now known as the James T. Vaughn Correctional Center, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Presently before the court is the defendant Gwen Scott-Jones' ("Jones") motion to dismiss.[2] (D.I. 26.) Lewis did not respond to the motion. For the reasons that follow, the court will deny the motion to dismiss.

### II. BACKGROUND

On February 10, 2009, the court conducted an initial screening of the complaint and dismissed Lewis' classification, conspiracy, and psychiatric evaluation/report claims. (D.I. 7.) The allegations remaining against Jones, a psychiatric intern at the Delaware Psychiatric Center ("DPC") during the relevant time period, are that she violated Lewis' right to due process by imposing upon him disciplinary sanctions on twenty different occasions and subjecting him to

---

[1] Lewis has been released from prison.

[2] Jones is improperly named as Queen Scott Jones.

atypical and significant hardships; that she changed Lewis' test scores to deny him psychiatric care; and that all the defendants denied Lewis the psychiatric care needed to stabilize him during the time he was at the DPC. (*Id.* at D.I. 2 at 21, 24-25.) Jones moves to dismiss the claims against her pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 26.) She argues that liability cannot be imposed upon her in a § 1983 action because, as a student intern, she was not a state actor.

### III. MOTION TO DISMISS

#### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when its factual content allows the court to draw a reasonable inference that defendant is liable for the misconduct alleged. *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-

pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Because Lewis proceeds *pro se,* his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

In support of her motion to dismiss Jones submits the affidavit of Brian M. Simon, Psy. D. (D.I. 26, ex. A.) The Federal Rules of Civil Procedure provide that when a motion to dismiss is filed pursuant to Rule 12(b)(6) and matters outside the pleadings are presented to and not excluded by the court, the matter shall be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(d). The court will not consider the affidavit submitted by Jones and, therefore, will treat her motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b).

### B. State Actor

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Jones contends that, as a former student intern, liability cannot be imposed upon her because she was not a state actor as defined by § 1983.

In determining whether an individual is a state actor, the court examines the facts and circumstances of State involvement in conjunction with the actions of the private party on a case-by-case basis. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982). The Supreme Court has established a two-prong test to determine when the actions of a private party implicate liability under § 1983. *Lugar,* 457 U.S. at 937. "First, the deprivation must be caused by the

exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 937. Several tests are used to determine whether a private party is a state actor. *Id.* (citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 157 (1978) (joint action test); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974) (nexus test); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, (1970) (state compulsion test); *Terry v. Adams*, 345 U.S. 461 (1953) (public function test). Before private parties can be considered state actors for the purposes of § 1983, "the state must significantly contribute to the constitutional deprivation." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1266 (3d Cir. 1994). Accordingly, for Jones to be a state actor under § 1983, she must have acted in conjunction with state officials or taken an action "otherwise attributable to the state." *Lugar*, 457 U.S. at 937. Additionally, the state must have made a significant contribution to the alleged unconstitutional action. *Jordan*, 20 F.3d at 1266.

Accepting as true all of the allegations in the complaint, Lewis alleges that the defendants violated his constitutional rights by depriving him of his right to due process and adequate medical care. The complaint alleges that Jones, while working as an intern, performed functions similar to the named defendants who are employed by the State. Hence, it appears her actions may be chargeable or attributable to State actors sufficient to trigger § 1983 liability. Liberally construing the complaint, as the court must, it offers a theory under which the Jones could be

considered a state actor. Based upon the foregoing discussion, the court will deny the motion to dismiss.

## IV. CONCLUSION

For the above stated reasons the court will deny the defendant's motion to dismiss. An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_Oct 9_, 2009
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-786-GMS |
| | ) |
| NANCY PEARSALL, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 9th day of Oct., 2009, for the reasons set forth in the Memorandum issued this date, the motion to dismiss of the defendant, Gwen Scott-Jones is **denied**. (D.I. 26.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE